**Brendan McCarthy**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 2nd Avenue North, St. 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6058**
**Email: brendan.mccarthy@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **CHARLTON VICTOR CAMPBELL,** Defendant. | CR 16-23-BU-DLC-1 **OFFER OF PROOF** |

The United States of America, represented by Brendan McCarthy, Assistant United States Attorney for the District of Montana, files its Offer of Proof.

### THE CHARGE

The defendant, Charlton Victor Campbell, is charged by Indictment with conspiracy to manufacture and distribute marihuana, in violation of 21 U.S.C.

1

§ 846 – Counts I and II; and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) – Counts III and IV.

## PLEA AGREEMENT

Campbell will plead guilty to Count I of the Indictment. The United States presented all formal plea offers to Campbell in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to Campbell. *See Missouri v. Frye,* __U.S.__, 132 S. Ct. 1399 (2012).

## ELEMENTS OF THE CHARGE TO WHICH HE WILL PLEAD

In order for the defendant to be found guilty of the charge of conspiracy to manufacture and distribute marihuana, as charged in Count I of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

### Conspiracy to Manufacture and Distribute Marihuana – Count I

**First,** there was an agreement between two or more people to manufacture and distribute marihuana; and

**Second,** the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the conspiracy involved 1,000 or more marihuana plants.

**PENALTY**

This offense carries a punishment of ten years to life imprisonment, a $10,000,000 fine, five years of supervised release, and a $100 special assessment.

The defendant also agrees to abandon all right, title and interest in the property described in the forfeiture count of the indictment, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States.

In regards to the Forfeiture allegation, the defendant agrees to forfeit the following personal property: $30,000 in United States Currency.

The defendant also agrees to forfeit the following real property: 1) 160 Zoot Way, Bozeman, Montana 59718, more fully described as Unit 160 of the West Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana; 2) 160 A Zoot Way, Bozeman, Montana 59718, more fully described as Unit A of the West Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana; 3) 160 B Zoot Way, Bozeman, Montana 59718, more fully described as Unit B of the West Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana; 4) 160 C Zoot Way, Bozeman, Montana 59718, more fully described as Unit C of the West

Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana; 5) 152 Zoot Way, Bozeman, Montana 59718, more fully described as Unit 152 of the West Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana; and 6) 154 Zoot Way, Bozeman, Montana 59718, more fully described as Unit 154 of the West Gallatin Commercial Condominiums, located on Lot 4 of Corners Four Business Park, No. 2, Gallatin County, Montana.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In October of 2015, DEA initiated an investigation into the Montana Buds marijuana dispensary in Bozeman. Montana Buds is owned by Charlton Campbell. However, under the Montana Marijuana Act, Campbell is prohibited from being a marijuana provider due to prior felony convictions in 1995 for aggravated kidnapping and burglary in Gallatin County.

In the spring of 2016, DEA developed more information about Montana Buds through confidential sources. One source indicated that large quantities of marijuana cultivated at Montana Buds was shipped out of state and, in another instance, Charlton Campbell traveled to California to pick up a large amount of

"shatter", a concentrated pure form of THC. Both sources indicated that the operators of the other Montana Buds dispensaries across the state would travel to the Bozeman dispensary each week to pick up marijuana.

DEA also determined that Charlton Campbell and his brother, Adam, owned the properties at the Montana Buds location on Zoot Way in Bozeman. The defendant leased parts of the property to marijuana providers and also sold marijuana from the Montana Buds storefront.

In March of 2016, DEA used a confidential source (CS) to purchase marijuana from the Montana Buds storefront in Bozeman. The CS purchased a quarter-pound of marijuana from an employee inside the Montana Buds store. The purchase was over the Montana Marijuana Act's limit of one useable ounce of marijuana per cardholder. The CS did not present a medical marijuana card during the transaction.

In April of 2016, the CS purchased a half-pound of marijuana from an employee at the Montana Buds store in Bozeman. The CS did not present a medical marijuana card.

In May of 2016, the CS purchased another quarter-pound of marijuana from an employee at the Montana Buds store in Bozeman. The CS again did not present a medical marijuana card.

Based upon the aforementioned information, agents obtained federal search warrants for the Montana Buds properties on Zoot Way.

During the execution of the warrants, agents discovered an extensive indoor marijuana grow operation that contained 1,543 live marijuana plants, approximately 373.37 pounds of processed marijuana, and approximately 43.9 pounds of marijuana or hash oil edibles (candy and other sundry food products infused with tetrahydrocannabinol (THC)). In addition, agents discovered a large, clandestine, highly sophisticated butane hash oil (BHO) laboratory containing a large quantity of hash oil (BHO or "shatter") in various stages of production.

DATED this 3rd day of March, 2017.

MICHAEL W. COTTER
United States Attorney

*/s/ Brendan McCarthy*
Brendan McCarthy
Assistant U.S. Attorney