IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–23–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHARLTON VICTOR CAMPBELL, | |
| Defendant. | |

Before the Court is Defendant Charlton Victor Campbell's Motion for Early Termination of Supervised Release. (Doc. 152.) On March 27, 2017, Mr. Campbell was adjudged guilty of conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). (Doc. 90.) On June 15, 2017, Mr. Campbell was sentenced to imprisonment for 18 months and five years of supervised release. (Doc. 112.) Mr. Campbell now seeks termination of the remaining term of supervised release. The United States defers to the discretion of the Court in resolving this Motion and did not file an opposition. (Doc. 152 at 1.) Mr. Campbell's supervising officer is prohibited by USPO policy from supporting the motion for early termination of supervised release because Mr. Campbell had "seven instances of low-level non-compliance." (*Id.* at 2.)

Under federal law, this Court may:

1

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Campbell began his five-year term of supervised release on April 13, 2018 (Doc. 153 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Campbell's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Campbell waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Campbell's supervised release is obviously favorable to him, and the United States had a reasonable opportunity to object and did not do so. (Doc. 152.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Campbell's remaining term of supervised release. Although the motion concedes that Mr. Campbell had seven minor violations of the terms of his supervised release, including being found intoxicated during a home contact in 2018 (Doc. 144), no other specific violations have been called to the Court's attention. (Doc. 153 at 2–3.) The motion further acknowledges that Mr. Campbell was a leader/organizer because he operated a marijuana business, which could cut against early termination. (*Id.* at 9.) However, the motion and accompanying evidence demonstrates that Mr. Campbell has been deterred from future criminal conduct and successfully reintegrated into the community. Mr. Campbell has become a facility manager at his wife's event venue, he serves on his daughters' school board and chaperones their field trips, and he has demonstrated a remorseful attitude, renewed optimism, and commitment to his community after serving his

term of imprisonment and while on supervised release. (*Id.* at 10–13.) His community support is remarkable and reflects his contributions to his community during his term of supervised release. (*See* Docs. 154-1–154-11.) The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Campbell the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 152) is GRANTED.

IT IS FURTHER ORDERED that Mr. Campbell's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 20th day of December, 2021.

_____
Dana L. Christensen, District Judge
United States District Court